Argued and submitted July 6, affirmed August 23, petition for review denied October 17, 1995 (322 Or 193)

In the Matter of
Jonathon Ray Childs,
Samantha Lynn Childs and
Stephanie Marie Childs, Children.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
*Respondent,*

*v.*

Margaret Louise JOHNSTON,
*Appellant.*

(94-0100, 94-0101, 94-0104; CA A86740 (Control))

In the Matter of
Jonathon Ray Childs,
Samantha Lynn Childs and
Stephanie Marie Childs, Children.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
and Karen Gerttula,
Court Appointed Special Advocate,
*Respondents,*

*v.*

Raymond Vincent CHILDS,
*Appellant.*

(94-0099, 94-0102, 94-0103; CA A86809)

901 P2d 892

Stephen A. Lovejoy argued the cause for appellant Margaret Louise Johnston. With him on the brief was Jenny Cooke.

Jeffrey C. Hollen argued the cause for appellant Raymond Vincent Childs. With him on the brief was Richardson, Ouderkirk & Hollen.

Gayle Hunt, Assistant Attorney General, argued the cause for respondents. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■ Mother and father appeal from orders of the trial court terminating their parental rights with their three children. We review *de novo*, ORS 419A.200, giving due weight to the trial court's findings involving issues of credibility, because it had the opportunity to observe the witnesses firsthand. *State ex rel Juv. Dept v. Geist*, 310 Or 176, 194, 796 P2d 1193 (1990); *State ex rel Juv. Dept. v. Boren*, 105 Or App 599, 601, 806 P2d 149 (1991). We affirm.

■ Based on our review of the record, we find that the Children's Services Division (CSD) proved by clear and convincing evidence that mother and father are "unfit by reason of conduct or condition seriously detrimental" to the children to parent the children, and that integration of the children into the parents' home "is improbable in the foreseeable future due to conduct or conditions not likely to change." ORS 419B.504.

Both parents suffer from a mental illness or deficiency that renders them unable to care properly for the children. The trial court found, and we agree, that mother was physically and emotionally abusive to all three children on an ongoing basis.

The court also found, and we agree, that father could not separate himself nor operate independently from mother, and that he exhibited passivity when confronted with her abuse of the children. Father witnessed repeated physical abuse of the children by mother, as well as by a friend of mother's, and he neither intervened nor reported the abuse, save for one instance involving one child.

Psychological evaluations of the children showed them to be emotionally disturbed, developmentally delayed and extremely difficult to manage. All three children's physical and emotional health improved when they were placed in foster care. Mother and father participated in counseling and parent training only on a sporadic basis, and the counseling and training had no appreciable effect on their ability to adequately parent their children. We conclude that integration of the children into mother's and father's home is improbable in the foreseeable future, and that termination of

mother's and father's parental rights is in the best interests of the children.

Affirmed.